UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al. <br><br> Defendants. | CIVIL ACTION NO. <br> 5:25-cv-00756 |

### DECLARATION OF RABBI MARA NATHAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Mara Nathan, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my minor child, M.N.[1] Our family lives in San Antonio, Texas.

2. M.N. is enrolled in and will attend a public school in the Alamo Heights Independent School District during the 2025-2026 school year. The first day of school this year is scheduled for August 13, 2025.

3. I am a rabbi at a local temple and, along with my spouse, am raising M.N. in the Jewish faith. M.N.'s religious education in Judaism has occurred primarily through our temple and faith community, as well as through me, my husband, and our family. M.N. also attends a Jewish camp each summer.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at M.N.'s school. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, M.N. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and M.N., I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on M.N. a specific version of the Ten Commandments to which the family does not subscribe, in a manner that is contrary to Jewish teachings and our family's Jewish faith.

6. While the Ten Commandments are a sacred Jewish text, the version required by S.B. 10 does not align with Jewish belief and tradition. In Judaism, the Ten Commandments are found in two places in the Torah: Exodus chapter 20 and Deuteronomy chapter 5. The text required under S.B. 10 is not any found in Jewish tradition. It is a Christianized version of the Commandments that omits explicitly Jewish aspects of scripture. For example, in Judaism, the sacredness of the Commandments is rooted in the Jewish belief that, at Mount Sinai, Moses entered into a covenant with God on behalf of the children of Israel after they were freed from slavery. The Ten Commandments are a sign of the covenant between God and Jewish people. The text of the first Commandment required by S.B. 10 erases this foundational Jewish tenet and historical context.

7. By directing, "I AM the LORD thy God," the first Commandment set forth in S.B. 10 also conflicts with our Jewish belief that God has no gender. As a religious practice, and in

accordance with the original Hebrew in the Torah, we refer to God as "Adonai," and we try to avoid patriarchal, gender-specific language, such as "Lord."

8. By omitting key text in the Torah laying out the specific rules that pertain to observing the Sabbath, the fifth Commandment provides another example of S.B. 10's erasure of Jewish belief and practice. Our Jewish faith teaches that it is vital to receive and understand scripture within the context presented in the Torah, as well as through the lens of rabbinic commentary and centuries of teaching and interpretation. By summarizing some Commandments instead of including the text as found in the Torah in its entirety, S.B. 10's displays will present a truncated, decontextualized, and inaccurate version of scripture.

9. The displays mandated by S.B. 10 also conflict with Jewish teachings that oppose proselytizing. Our faith tradition teaches that everyone should be respectful of other people's religion. Forcing Christian beliefs and doctrine on M.N. and other non-Christian students, day in and day out, violates this tenet.

10. By imposing on M.N. a Christian-centric version of the Ten Commandments for nearly every hour of the school day, the displays mandated by S.B. 10 will substantially interfere with M.N.'s religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in M.N. as part of our Jewish faith. Specifically, the displays will present belief in this version of the Ten Commandments as a fait accompli. The displays will send the message that this version is authoritative, that the classroom and school facilities more generally are Christian spaces, and that M.N., as a Jewish student who does not adhere to this version of scripture, is unwelcome and an outsider in the school community. As a result, the displays mandated by S.B. 10 will pressure M.N. to observe, meditate on, venerate, and adopt the state's preferred religious doctrine.

11. Furthermore, although M.N. has a strong Jewish identity, by conveying that Christianity is the only acceptable religion in school, the displays will pressure M.N. to suppress expression of this religious identity at school to avoid potential disfavor from school officials or peers. At the same time, and ironically, the displays are likely to place M.N., who is one of only a few Jewish students in the school, in the position of defending the Jewish faith's departure from the Christian beliefs and practices promoted by the displays. In fact, M.N. has previously been singled out at school to explain Jewish practices or to give a "Jewish" opinion. For example, school staff inappropriately asked M.N. which Hanukkah song the school band should play at the Christmas concert. Placing M.N. or other minority-faith students in the position of defending or explaining their non-Christian beliefs and practices imposes an undue burden on them. It not only treats them as outsiders, but it also pressures them to be experts in, and ambassadors for, their own faith in a way not required of their Christian peers.

12. The responsibility to guide M.N. in the development of M.N.'s Jewish faith, including M.N.'s understanding of the text and meaning of the Ten Commandments, is an essential aspect of my religious exercise as a parent and rabbi. Because forcibly imposing on M.N. a Christian version of the Ten Commandments for nearly every hour of the school day, in accordance with S.B. 10, will interfere with M.N.'s religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in M.N., the displays will also directly interfere with and substantially burden my ability to carry out my religious exercise.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 1, 2025.

_____
Rabbi Mara Nathan