UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>5:25-cv-00756 |

**DECLARATION OF VIRGINIA GALAVIZ EISENBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Virginia Galaviz Eisenberg, pursuant to 28 U.S.C. § 1746, declare as follows:

1.　I am a Plaintiff in the above-captioned matter. Along with my husband, Ron Eisenberg, I am suing on behalf of myself and on behalf of my minor child, R.E.[1] Our family lives in San Antonio, Texas.

2.　R.E. is enrolled in and will attend a public school in the Alamo Heights Independent School District during the 2025-2026 school year. The first day of school this year is scheduled for August 13, 2025.

3.　I am Jewish, and we are raising R.E. in the Jewish faith tradition. We are members of a local temple, where R.E. has attended religious school and participates in various other religious educational events and activities.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung permanently in a "conspicuous place" in every classroom at R.E.'s school. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy may include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements of S.B. 10, R.E. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and R.E., I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on R.E. a Christian version of the Ten Commandments in which our family does not believe.

6. Jewish translations of the Ten Commandments preserve nuances that reflect Jewish theology and interpretation. The text of the Ten Commandments that will appear in the classroom displays, however, omits specifically Jewish references and does not, therefore, comport with our religious beliefs. For example, Jewish tradition divides the Commandments differently than many Christian traditions. I view the displays' first Commandment, "I am the Lord your God," as a statement of God's identity, not a Commandment per se. And, alarmingly, it eliminates an important part of the Hebrew text, which acknowledges God freeing the Israelites from slavery and the Commandments as a covenant between God and the Jewish people. This covenant is core to Jewish practice, and deleting it is deeply offensive and erases the Commandments' Jewish significance. Moreover, the Christian version of this text mandated by S.B. 10 assigns patriarchal gender to God by using the word "Lord." As a Reform Jew, I do not attribute gender to God and believe doing so is antithetical to Jewish values of egalitarianism and gender equality.

7. As another example, the Commandment pertaining to the Sabbath leaves out Torah text that, I believe, compels us to observe the Sabbath (Shabbat) from Friday evening through Saturday evening. For me and our family's Jewish practice, this is a central Commandment, and the version required by S.B. 10 misrepresents it.

8. Even if the text mandated by S.B. 10 were not distinctly Christian and did not intentionally excise and obscure the Commandments' Jewish history and significance, S.B. 10's required displays would nevertheless conflict with Jewish beliefs and values. Our faith tenets oppose proselytizing as a general matter, and Judaism teaches that religion should not be imposed by government. This is especially important for Jews, who have suffered persecution under governments that endorsed a dominant religion.

9. Relatedly, the displays mandated by S.B. 10 also contradict Jewish values that promote respect for all faiths by sending a message to students, including R.E., that Christian beliefs are normative and supreme and that those who do not adhere to those beliefs are abnormal and disfavored within the school community and the community at large.

10. Being Jewish is important to R.E., and R.E. is proud to be Jewish. However, as one of just a few Jewish students at school, R.E. has already had some troubling experiences. For example, some peers have flippantly made Nazi salutes or other jokes about the Holocaust in school, without any regard for R.E.'s discomfort. A few years ago, R.E.'s class went on a field trip to a Christian ranch, where R.E. was questioned about not believing in Jesus. By promoting Christian religious doctrine and conveying that Christians are superior to non-Christians, the displays mandated by S.B. 10 will further highlight R.E.'s religious differences and pressure R.E. to follow the state's preferred religious doctrine. In addition, the displays will make it harder for R.E. to feel comfortable expressing R.E.'s Jewish identity at school.

11. Because the displays mandated by S.B. 10 will impose on R.E. Christian religious doctrine, in a manner that conflicts with our Jewish faith, the displays substantially interfere with R.E.'s religious development and threaten to undermine the religious beliefs, values, and practices we seek to instill in R.E.

12. Further, by interfering with R.E.'s religious development and threatening to undermine the Jewish beliefs, practices, and values we seek to instill in R.E., the displays mandated by S.B. 10 will also substantially burden my religious exercise. Along with my husband, my responsibility to guide R.E. in the development of R.E.'s Jewish faith, including R.E.'s understanding of the text and meaning of the Ten Commandments, is an important aspect of my religious practice.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 1, 2025.

_____
Virginia Galaviz Eisenberg