**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

**DECLARATION OF ELIZABETH LEMASTER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Elizabeth Lemaster, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my children, K.L. and L.L.[1] Our family lives in San Antonio, Texas.

2. K.L. and L.L. are enrolled in and will attend a public elementary school in the North East Independent School District for the 2025-2026 school year. The school year is scheduled to start on August 11, 2025.

3. I am Christian. Along with husband, I am raising my children in a Christian household and tradition. We regularly attend church, and our children receive their religious education at home, through me and my husband, and at church Sunday School classes.

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at my children's school.

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, K.L. and L.L. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and my children, I object to the displays mandated by S.B. 10 because the displays will promote and forcibly subject my children to religious instruction, which my husband and I seek to oversee and guide. We do not want the public school to interfere with teaching our faith to K.L and L.L. The displays will impinge on our parental role and religious exercise in directing our children's religious upbringing. We do not wish for anyone to teach our children the Ten Commandments without our permission. We are concerned with how the mandated Ten Commandments displays will be interpreted and explained to our children without our input. We are also concerned about the appropriateness of the mandated Ten Commandments displays given the young age of our children. For example, the displays include references to "adultery" and "coveting" a neighbor's "manservant" or "maidservant." Our children are too young to understand what these references mean, and we do not want them to be forcibly exposed to or instructed on these concepts at school. My husband and I are responsible for teaching our children about these concepts according to our faith, when we believe our children are ready to learn about them. The schools have no place doing so.

6. The displays required by S.B. 10 will directly interfere with and substantially burden and undermine my ability to raise K.L. and L.L. according to our family's Christian tradition by subjecting K.L. and L.L. to displays in every classroom that are not consistent with

our religious beliefs. For instance, the displays' references to "manservants" and "maidservants" convey that people can be treated as property, and our family strongly disagrees with this premise. We believe, as a matter of faith, and are teaching K.L. and L.L. that all people are equal and should be treated that way. We do not want K.L. and L.L. subjected to contrary messaging or instruction in school. The version and translation of the Ten Commandments that is mandated by S.B. 10 is not something that we wish to teach our children.

7. In addition, the displays will impose on K.L. and L.L. one set of religious values and beliefs over our family's values. Putting up the version of the Ten Commandments required by S.B. 10 will send a discriminatory and exclusionary message to students, including K.L. and L.L., who do not believe in the religious dictates featured in the display. The displays will signal to them that they are "bad" if they do not believe in and comply with promoted religious beliefs, leading to peer-to-peer harassment and proselytization of K.L. and L.L. because they hold religious beliefs that are different.

8. Further, I believe that the Ten Commandments displays required by S.B. 10 will create a structure for teachers and school administrators to inject other religious beliefs into the classroom, which may be inconsistent with our family's religious beliefs. If K.L. and L.L. have questions about the Ten Commandments displays, they will likely ask their teachers and fellow students about those questions instead of asking me, and I believe they may then be subjected to religious indoctrination or misinformation from teachers or peers.

9. For the reasons discussed above, imposing on K.L. and L.L. a particular Christian version of the Ten Commandments for nearly every hour of the school day, the displays required by S.B. 10 will substantially interfere with K.L.'s and L.L.'s religious development and threaten to undermine the beliefs, values, and practices I seek to instill in them part of our Christian

household. For example, the displays mandated by S.B. 10 will send a confusing message to K.L. and L.L. that the Commandments, as depicted in the displays, are rules that K.L. and L.L. must follow in the same way that K.L. and L.L. would follow any rule set forth by a teacher or school authority figure.

10. As a result, the displays not only will increase the pressure on K.L. and L.L. to suppress expression of K.L.'s and L.L.'s own religious background and views at school, but they will also pressure K.L. and L.L. to observe, meditate on, venerate, and adopt the State's preferred religious doctrine, even though K.L. and L.L. may also recognize that the posted scripture does not comport with what K.L. and L.L. have been taught at home.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

ELemaster

Elizabeth Lemaster