**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,<br><br>  Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

**DECLARATION OF CARAH HELWIG IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Carah Helwig, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my minor children, J.P. and T.P.[1]  Our family lives in San Antonio, Texas.

2.    T.P. is enrolled in and will attend a public elementary school in the North East Independent School District during the 2025-2026 school year. J.P. is enrolled in and will attend a public high school in the North East Independent School District during the 2025-2026 school year. The first day of school this upcoming academic school year is scheduled for August 11, 2025.

3.    My children and I are agnostic. My husband is a non-practicing Catholic. Thus, my husband and I are raising J.P. and T.P. in a household and tradition in which we seek to provide J.P. and T.P. space and autonomy to develop their own beliefs and views about religion. We discuss

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

religion generally if J.P. and T.P. ask questions, but we do not consistently observe or adhere to any religious text, practice, or ritual.

4.      I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at my children's schools. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, J.P. and T.P. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5.      My family does not subscribe to the religious dictates of the Ten Commandments in the specific version that S.B. 10 mandates. Therefore, on behalf of myself and my children, I object to S.B. 10 because the displays it mandates will promote, and forcibly subject my children to, religious scripture that we do not believe in and that I do not teach my children.

6.      The displays mandated by S.B. 10 will substantially interfere with J.P.'s and T.P.'s development when it comes to religious questions and matters and will threaten to undermine the beliefs, values, and practices pertaining to religious matters that my husband and I seek to instill in them as part of our household. Specifically, the displays will impose on J.P. and T.P. one set of religious values and beliefs over our family's values, which are not based in religion. The moral and faith formation of my children is a responsibility for me and my husband, not the schools our children attend. I do not want the government to push any particular religion or religious morality on J.P. and T.P.

7.    By imposing on J.P. and T.P. a particular Christian version of the Ten Commandments for nearly every hour of the school day, the displays required by S.B. 10 will also send a confusing message to them that Commandments are rules that J.P. and T.P. must follow and that those who do not do so are less worthy and outsiders in the school community, leading to peer-on-peer harassment and proselytization of my children because they are nonreligious.

8.    As a result, the displays will not only increase the pressure on J.P. and T.P. to suppress expression of their nonreligious background and views at school, but they will also pressure J.P. and T.P. to observe, meditate on, venerate, and adopt the State's preferred religious doctrine, even though they may also recognize that the posted scripture does not comport with what they have been taught at home.

9.    I believe that the Ten Commandments displays required by S.B. 10 will also create a structure for teachers and school administrators to inject other religious beliefs into the classroom. I do not want J.P. and T.P. to be subjected to religious indoctrination from teachers or school administrators.

10.    Finally, for the reasons above, the displays mandated by S.B. 10 will directly interfere with and substantially burden my ability to direct J.P.'s and T.P.'s education pertaining to religious questions and matters in a manner that emphasizes and instills nonreligious values.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

Carah Helwig

3