# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

## DECLARATION OF CODY BARKER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Cody Barker pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. Along with my wife Alyssa Martin, I am suing on behalf of myself and on behalf of my minor child, H.B.M.[1] Our family lives on Joint Base San Antonio (JBSA) Lackland, Texas.

2. H.B.M. is enrolled in and will attend a public school in the Lackland Independent School District during the 2025-2026 school year. The first day of school this year is scheduled for August 11, 2025.

3. I am an atheist. My wife, who is also an atheist, and I are raising H.B.M. with strong moral values in a nonreligious household and tradition. We allow H.B.M. to independently develop decisions on religious matters and do not want H.B.M.'s public school to interfere with these

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

decisions.

4. My family does not subscribe to the religious dictates of the Ten Commandments generally or the specific version that must be displayed in public schools under Senate Bill No. 10 ("S.B. 10").

5. I understand that S.B. 10 requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at H.B.M.'s school. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, H.B.M. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

6. On behalf of myself and H.B.M., I object to the displays mandated by S.B. 10 because the displays will promote, and forcibly subject H.B.M. to, religious scripture to which our family does not subscribe. Specifically, I believe that the displays will impose on H.B.M. one set of religious values and beliefs over our family's values, which are not based in religion. I do not want the government to push religious morality or religious doctrine on H.B.M.

7. I believe that the displays mandated by S.B. 10 will send the message to H.B.M. that the government, as an institution of authority, favors Christianity—especially Protestantism—over other religious beliefs and nonbelief. For example, the phrase, "I am the Lord thy God," suggests that the Ten Commandments reflects the religion of all students, including H.B.M. This proselytizing phrase will dictate to students, including H.B.M., what their religion is or should be. The displays will thus convey a harmful message to H.B.M. and to our family that we are outsiders because we do not share the religious beliefs preferred by the government. Due to these displays,

H.B.M. will be pressured to believe in a specific Christian God and to observe, meditate on, venerate, and adopt the state's favored religious doctrine.

8. In particular, I believe that the displays mandated by S.B. 10 will cause H.B.M. to feel pressure to pretend to be Christian. I fear H.B.M. may feel pressured to take part in prayer in school with H.B.M.'s peers and teachers. I allow H.B.M. to explore various religions and come to H.B.M.'s own decisions about religious matters. But the displays mandated by S.B. 10 would intrude in this exploration by placing pressure on H.B.M. to pretend to, or actually, subscribe to a specific religion and take part in the practices of that religion. I am worried that it will not be H.B.M.'s choice to explore Christianity, but rather the result of pressure inappropriately placed on H.B.M. by the government through the display of the Ten Commandments in H.B.M.'s classrooms.

9. In addition, I believe that the displays mandated by S.B. 10 will pressure H.B.M. to suppress H.B.M.'s own nonreligious background and views at school. I believe that the displays will cause H.B.M. to feel immense pressure to hide who our family is and who H.B.M. is.

10. I further believe that the displays mandated by S.B. 10 will cause H.B.M. to feel resentful or dismissive towards religious people and religious traditions, contradicting the values I seek to instill in H.B.M. as a parent. I am raising H.B.M. with strong moral values, such as beliefs in personal freedom, acceptance, and doing no harm to others. As part of this moral upbringing, I am teaching H.B.M. to respect, and to not be dismissive of, people of faith who experience hope, joy, and strong moral guidance from their religious practices. But I believe that S.B. 10's mandated displays, and the harm they will bring to H.B.M. and H.B.M.'s peers who do not subscribe to the Ten Commandments, will cause H.B.M. great distress and contradict the teachings of freedom, acceptance, and harm-avoidance I seek to instill in H.B.M. I also believe that, in witnessing this

state-mandated display of religious texts and the accompanying harm, H.B.M. will come to resent religion and certain religious people, in direct contravention of the lessons I seek to instill in H.B.M. at home.

11.   I believe the placement of the Ten Commandments on the walls of H.B.M.'s classroom may embolden H.B.M.'s peers or teachers to single H.B.M. out for being nonreligious. H.B.M. has previously been singled out by peers for H.B.M.'s moral and individual expression. The displays mandated by S.B. 10 will create a school environment that "others" or singles out nonreligious students like H.B.M. and further increase the risk of additional bullying, jeopardizing H.B.M.'s mental health and academic progress.

12.   I believe that my role, along with my wife, in directing H.B.M.'s nonreligious upbringing and protecting H.B.M.'s ability and freedom to develop individual beliefs on religious matters is one of the most important responsibilities I have as a parent. Imposing permanent, prominently placed displays of religious directives for nearly every hour that my child is in school, in accordance with S.B. 10, will directly and substantially interfere with, burden, and undermine my ability to raise my child in a nonreligious tradition.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

_____
Cody Barker