UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,

    Plaintiffs,

    v.

ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,

    Defendants.

CIVIL ACTION NO. 5:25-cv-00756

### DECLARATION OF LAUREN ERWIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Lauren Erwin, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my minor child, M.E.[1] Our family lives in San Antonio, Texas.

2. M.E. is enrolled in and will attend a public elementary school in the Northside Independent School District during the 2025-2026 school year. The first day of school this year is scheduled for August 11, 2025.

3. I am Reform Jewish and am raising M.E. in same faith tradition. We are members and attenders of a local temple, where M.E. attends religious school and many various other events and activities.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung permanently in a "conspicuous place" in every classroom at M.E.'s school. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy may include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements of S.B. 10, M.E. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and M.E., I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on M.E. a Christian version of the Ten Commandments that does not align with the Jewish teachings and values I seek to instill in M.E.

6. The text of the Ten Commandments set forth in S.B. 10 does not match the text in the Torah. By tearing the Ten Commandments out of their original Jewish context, the displays will, from my perspective as a Jewish person, present an inaccurate and incomplete version of scripture. The version of the Commandments required by S.B. 10 also intentionally eliminates specifically Jewish beliefs. For example, it omits the Torah's reference to God saving the Jewish people from slavery in Egypt, a vital part of Jewish history and the Commandments as set forth in the Torah.

7. By imposing on M.E. a Christian version of the Ten Commandments for nearly every hour of the school day, the displays mandated by S.B. 10 will substantially interfere with M.E.'s religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in M.E. as part of our Jewish faith. M.E. is proud to be Jewish but, like many children, seeks the approval of teachers and authority figures and wants to fit in with peers. As I

understand it, M.E. may be the only Jewish child in M.E.'s school, or is one of a small number of Jewish students. M.E. has already experienced some marginalizing events as a result, including Christmas-themed activities at school and questions by peers regarding why M.E. does not attend church or believe in Jesus Christ. The displays mandated by S.B. 10 will further highlight M.E.'s religious differences and further marginalize M.E. by sending the message that students who do not adopt the Christian beliefs promoted in the displays are less worthy and unpopular in the community. As a result, the displays will create significant pressure for M.E. to observe, meditate on, venerate, and adopt the State's preferred religious doctrine.

8. By further highlighting M.E.'s religious differences and putting additional emphasis on the fact that M.E. does not follow the majority faith, the displays are also likely to put M.E. in the position of having to explain these religious differences and justify Jewish beliefs and practices, even as the displays also pressure M.E. to limit expression of M.E's Jewish identity at school.

9. By interfering with M.E.'s religious development and threatening to undermine the Jewish beliefs, practices, and values I seek to instill in M.E., the displays mandated by S.B. 10 will substantially burden my religious exercise. The responsibility to guide M.E. in the development of M.E.'s Jewish faith, including M.E.'s understanding of the text and meaning of the Ten Commandments, is an essential aspect of my religious exercise and my role as a parent. I strongly believe, as a religious matter, that religious learning by M.E. should occur in the home or at the temple, not in public school, where teachings should remain secular.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

_____
Lauren Erwin