**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,

      Plaintiffs,

      v.

ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,

      Defendants.

CIVIL ACTION NO.
5:25-cv-00756

**DECLARATION OF THEODORE LOWE IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Theodore Lowe, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Plaintiff in the above-captioned matter, along with my wife Rebekah Lowe. I am suing on behalf of myself and on behalf of my minor children, E.R.L and E.M.L.[1] Our family lives in Spicewood, Texas.

2.      E.R.L. and E.M.L. are enrolled in and will attend elementary and middle public schools in the Lake Travis Independent School District during the 2025-2026 school year. The first day of school this year is scheduled for August 13, 2025.

3.      I was raised Jewish and, although I still consider myself Jewish and engage in some Jewish cultural traditions, I am religiously agnostic.

4.      I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

Commandments to be hung in a "conspicuous place" in every classroom at my children's schools. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, E.R.L. and E.M.L. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5.    On behalf of myself and my children, I object to the displays mandated by S.B. 10 because they will promote, and forcibly subject my children to, overtly religious classroom displays in a manner that violates my family's religious, spiritual, and moral beliefs and practices.

6.    My wife and I are raising E.R.L. and E.M.L. with a combination of Christian beliefs and Jewish cultural traditions. We want them to learn about faith and follow what feels most true to them. We regularly discuss faith, spirituality, and religion at home and encourage our children to ask us questions. As I am religiously agnostic, and my wife is Christian, the spiritual and faith-based education our children receive in the home is mostly based in Christian values and the text of the Bible, but not of a certain denomination. However, I also share Jewish cultural traditions with my children. We celebrate Hannukah, Christmas, and Easter in more of a cultural fashion. E.R.L. and E.M.L. identity as both Christian and Jewish.

7.    My wife and I talk to our children about faith, right and wrong, and how to treat others. We teach them to be good family members, good friends, and good community members. Before S.B. 10's passage, we hadn't discussed the Ten Commandments with our children, nor had we directed them to believe in the Ten Commandments as a religious matter or to regard them as moral guidelines. Rather, their religious education at home has focused on easily understandable

lessons like, "love God," "love thy neighbor," and "love thyself." We do not view the Ten Commandments mandated by S.B. 10 as important religious doctrine to be transmitted to children.

8.　　However, the displays mandated by S.B. 10 will send a confusing message to the contrary, suggesting to E.R.L. and E.M.L. that they must believe in the Ten Commandments in order to be "real" Christians, despite what we are teaching them at home. E.R.L. and E.M.L. will feel pressured to read and believe in a government-mandated version of scripture that is not a part of their spiritual upbringing. I am thus concerned that, by sending a message that the approved religious doctrine is authoritative and normative, and pressuring them to submit to these beliefs, the displays will discourage E.R.L. and E.M.L. from thinking critically about faith and religion. In the guidance my wife and I provide to them, we ask them open-ended questions and encourage them to explore their faith. The Ten Commandments displays interrupt that process by dictating to my children what they should believe.

9.　　Specifically, the displays' directives that, "I AM the LORD thy GOD," and that, "Thou shalt have no other gods before me," will pressure my children to agree that the Christian God is their, and everyone else's, only God. This belief will single out non-Christian children as inferior or less worthy and will thus conflict with our teachings at home that, as a religious and moral matter, they should treat others how they would like to be treated and promote belonging and inclusiveness within their peer groups and community.

10.　　Furthermore, because the displays mandated by S.B. 10 will communicate to my children that Christians are superior to non-Christians and that their Christian identity is more important than their Jewish identity and more important than their classmates' non-Christian religious beliefs, the displays will pressure E.R.L. and E.M.L. to suppress expression of their Jewish identities at school to avoid potential disfavor from school officials or peers. At the same

3

time, the displays will, ironically, put my children in the position of defending the existence of the Jewish faith, which imposes an undue burden on them. For example, E.R.L. was once told by a classmate that "Hannukah is a fake celebration, Judaism is not real, and [E.R.L.] needs to follow Jesus," which was incredibly distressing for E.R.L. I am worried that such bullying would only increase with ever-present Christian displays of the Ten Commandments in every classroom.

11.     The message that Christians are preferred over non-Christians will also pressure my children to suppress their Christian identities. E.R.L. and E.M.L. have friends of all different faiths, and receiving the message that they are superior to them will cause serious emotional turmoil, distract them from their studies, and cause them to hesitate in expressing their Christian beliefs to avoid suggesting that they agree with the exclusionary message the displays send to non-Christian students. Moreover, even though E.R.L. and E.M.L. have Christian beliefs, the displays will make them uncomfortable expressing those beliefs because their Christian faith does not strictly adhere to the Ten Commandments. My children have found community at their school, and I do not want them to lose that because their beliefs do not adhere to those promoted by the government.

12.     For all the reasons discussed above, I believe that the displays mandated by S.B. 10 will substantially interfere with E.R.L.'s and E.M.L.'s religious development and threaten to undermine the religious and moral beliefs, values, and practices my wife and I seek to instill in them. And, as a result, the displays will also undermine and substantially burden my ability to direct and guide their spiritual development, which is an essential aspect of my parental role.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

_____
Theodore Lowe