**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al., <br><br> Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

## DECLARATION OF MARISSA NORDEN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Marissa Norden, pursuant to 28 U.S.C. § 1746, declare as follows:

1.       I am a Plaintiff in the above-captioned matter. Along with my husband, Wiley Norden, I am suing on behalf of myself and our minor children, A.N. and E.N.[1] Our family lives in Austin, Texas.

2.       A.N. and E.N. are enrolled in and will attend a public elementary school and middle school, respectively, in the Dripping Springs Independent School District during the 2025-2026 school year. The first day of school this upcoming academic year is scheduled for August 13, 2025.

3.       I am Jewish and, along with my spouse, am raising A.N. and E.N. in the Jewish tradition. My husband was raised Christian but is nonreligious.

4.       I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at A.N. and E.N. schools.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, A.N. and E.N. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5.      On behalf of myself and on my behalf of my children, I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on A.N. and E.N. a specific version of the Ten Commandments to which my family does not subscribe, in a manner that is contrary to Jewish teachings and our family's Jewish faith.

6.      The version of the Ten Commandments required by S.B. 10 does not align with Jewish belief and tradition.  It is a Christian interpretation of the Commandments that is exclusionary to non-Christians, even to Jews who believe in the Ten Commandments. And it therefore does not reflect my beliefs or Jewish principles more generally, or the religious beliefs I teach my children.

7.      Further, the school displays include topics that I do not wish to be explained to my children by someone other than myself or my family. For example, the displays required under S.B. 10 reference adultery and coveting the wife of your neighbor. I do not want my young children's elementary and middle school teachers to explain these topics to them. These topics will be, at most, appropriate to discuss at home and within our faith community.

8.      Moreover, I am concerned that the presence of the Ten Commandments in the classroom will encourage teachers to communicate religious doctrine when there is not a shared understanding of that doctrine. Religious doctrine is personal and specific to each person's faith;

it has no place in public school, and it is my belief that any religious teachings for my children should be left to my husband and me, and our faith community.

9.    I believe that S.B. 10's classroom displays will result in religious coercion of impressionable minds, including my children, who represent a minority faith in their classrooms. Having the Christian-centric Ten Commandments displayed prominently in every classroom will present belief in this version of the Ten Commandments as a widely accepted fact. The displays will send the message that this version is authoritative; that all classrooms and school facilities more generally are Christian spaces; and that A.N. and E.N., as Jewish students who do not adhere to this version of scripture, are unwelcome and outsiders in the school community. As a result, the displays mandated by S.B. 10 will pressure A.N. and E.N. to believe in, or pretend to believe in, the state's preferred religious doctrine. These pressures will be especially strong in this context because we have taught our children to respect their teachers and to do the best they can in school and because the school is an institution of authority.

10.    In addition to pressuring A.N. and E.N. to observe, meditate on, venerate, and adopt the state's preferred religious doctrine, I am concerned that the displays will pressure A.N. and E.N. to suppress expression of their religious identity in school. By emphasizing that they follow a faith different than the majority of their peers and conveying that their faith is less worthy, the displays will pressure my children to assimilate and hide their Judaism to fit in with their classmates. I am also very concerned that the displays could result in my children being ostracized or bullied for having nonconforming faiths. A.N. and M.N. should—and have the right to—feel proud of their faith and Jewish beliefs, and these displays create a divisive school environment that will limit their ability to freely express their Jewish identity. I do not want my children to feel

excluded as a result of their minority faith, an experience that I also had as a child growing up in Texas.

11.    The displays mandated by S.B. 10 also conflict with Jewish teachings that oppose proselytizing. Our faith tradition teaches that everyone should be respectful of other people's religion. Forcing Christian beliefs and doctrine on A.N. and E.N., day in and day out, violates this tenet.

12.    For the reasons discussed above, by imposing on A.N. and E.N. a Christian-centric version of the Ten Commandments for nearly every hour of the school day, the displays mandated by S.B. 10 will substantially interfere with their religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in them as part of our Jewish tradition. As a result, the displays will also substantially burden my religious exercise and practice, which includes the responsibility to guide A.N. and E.N. in the development of their Jewish upbringing.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

_____
Marissa Norden