UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

**DECLARATION OF WILEY NORDEN IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Wiley Norden, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. Along with my wife, Marissa Norden, I am suing on behalf of myself and our minor children, A.N. and E.N.[1] Our family lives in Austin, Texas.

2. A.N. and E.N. are enrolled in and will attend a public elementary school and middle school, respectively, in the Dripping Springs Independent School District during the 2025-2026 school year. The first day of school this upcoming academic year is scheduled for August 13, 2025.

3. I was raised Christian but am now nonreligious. With my wife, who is Jewish, we are primarily raising A.N. and E.N. in the Jewish faith.

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at A.N. and E.N. schools.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, A.N. and E.N. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and on behalf of my children, I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on A.N. and E.N. a specific Christian version of the Ten Commandments to which my family does not subscribe, in a manner that is contrary to my wife's, A.N.'s, and E.N.'s Jewish tradition.

6. The version of the Ten Commandments required by S.B. 10 does not align with the Jewish traditions we are instilling in our children. It also does not reflect my nonreligious beliefs. The text mandated by S.B. 10 is a Christian interpretation of the Commandments that is exclusionary to non-Christians, even to Jews who believe in the Ten Commandments.

7. Further, the school displays include topics that, as a parent, I do not wish to be explained to my children by someone other than myself or my wife. For example, the displays required under S.B. 10 reference adultery and coveting the wife of your neighbor. I do not want my young children's elementary and middle school teachers to explain these topics to them. These topics will be, at most, appropriate to discuss at home and within the children's and my wife's Jewish faith community. Moreover, I am concerned that the presence of the Ten Commandments in the classroom will encourage teachers with the opportunity to communicate religious doctrine, which has no place in public school. Religious doctrine is personal and specific to each person's

faith; religious teachings, if any, and the manner in which they are is taught to my children should be left to my wife and me.

8. I believe that S.B. 10's classroom displays will result in religious coercion of impressionable minds, including my children, who represent a minority faith in their classrooms. Having the Christian-centric Ten Commandments displayed prominently in every classroom will present belief in this version of the Ten Commandments as a widely accepted fact. The displays will send the message that this version is authoritative; that all classrooms and school facilities more generally are Christian spaces; and that A.N. and E.N., as Jewish students who do not adhere to this version of scripture, are unwelcome and outsiders in the school community. As a result, the displays mandated by S.B. 10 will pressure A.N. and E.N. to believe in, or pretend to believe in, the state's preferred religious doctrine. These pressures will be especially strong in this context because we have taught our children to respect their teachers and to do the best they can in school and because the school is an institution of authority.

9. In addition to pressuring A.N. and E.N. to observe, meditate on, venerate, and adopt the state's preferred religious doctrine, I am concerned that the displays will pressure A.N. and E.N. to suppress expression of their religious identity in school. By emphasizing that they follow a faith different than the majority of their peers and conveying that their tradition is less worthy, the displays will pressure my children to assimilate and hide their Judaism to fit in with their classmates. I am also very concerned that the displays could result in my children being ostracized or bullied for having nonconforming faiths. A.N. and M.N. should—and have the right to—feel proud of their faith and Jewish beliefs, and these displays create a divisive school environment that will limit their ability to freely express their Jewish identity.

10. For the reasons discussed above, imposing on A.N. and E.N. a Christian-centric version of the Ten Commandments for nearly every hour of the school day, the displays mandated by S.B. 10 will substantially interfere with their religious development and threaten to undermine the religious beliefs, values, and practices my wife and I seek to instill in them. As a result, it will also substantially burden and impede my ability to direct my children's Jewish upbringing.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

_____
Wiley Norden