**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

**DECLARATION OF RABBI JOSHUA FIXLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Rabbi Joshua Fixler, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my minor children, D.F., E.F., and F.F.[1] Our family lives in Bellaire, Texas.

2.  D.F., E.F., and F.F. are enrolled in and will attend a public elementary school in the Houston Independent School District during the 2025-2026 school year. The first day of school this upcoming academic year is scheduled for August 12, 2025.

3.  I am a rabbi at a synagogue in Houston and, along with my spouse, am raising D.F., E.F., and F.F. in the Jewish faith. Our children's religious education in Judaism has occurred primarily through our family, our synagogue, and our faith community. Our children have attended Jewish preschool and summer camps and receive religious education each Sunday in our synagogue's supplementary school.

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

4.     I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at D.F., E.F., and F.F.'s school. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, D.F., E.F., and F.F. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5.     On behalf of myself and my children, I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on D.F., E.F., and F.F. a specific version of the Ten Commandments to which my family does not subscribe, in a manner that is contrary to Jewish teachings and our family's Jewish faith.

6.     The version of the Ten Commandments required by S.B. 10 does not align with my beliefs or Jewish belief and tradition more generally.  The text mandated by the law is a Christian version of the Commandments—it is an adaptation of the King James translation. Jewish and Christian understandings of the Ten Commandments differ significantly. For example, displays use the Christian language of "thou shalt not kill" but Jews translate the Hebrew as "thou shalt not murder"; the rabbinic understanding is that this law does not pertain to killing in contexts like self-defense, war, or capital punishment. Further, early debate over the Ten Commandments involved Christian scholars who argued that all the legislation in the Hebrew Bible could be reduced to just the Ten Commandments. However, Jewish scholars interpret these commandments as being ten important obligations among the 613 commandments in the Hebrew Bible, but not the *only* important principles. For example, "Love your neighbor as yourself" is one of the most important

commandments in Judaism, but it will not be represented on these displays. Even within the Hebrew Bible, there are at least two versions of the Ten Commandments, and the wording differs between them. Displaying a single version of the Ten Commandments suggests that the Commandments are clear and unambiguous, but they are not.

7. Further, the school displays will include topics that, as a parent, I do not wish to be explained to my children by someone other than myself or my family. For example, the displays required under S.B. 10 reference adultery and coveting the wife of one's neighbor. I do not want my children's elementary school teachers to explain these topics to them.

8. The displays mandated by S.B. 10 will also offend Jewish tenets that emphasize egalitarianism and inclusion, as the displays will elevate one set of religious values over others, excluding those for whom the Ten Commandments is not a part of their religious tradition. To the extent the displays are intended to promote so-called "Judeo-Christian values," the concept is one that intentionally blurs the distinctions between Judaism and Christianity, and I do not wish for the displays to be promoted in the name of my faith. It is against my Jewish values and beliefs to impose one's faith on non-adherents and to use religious scripture as a tool to oppress others.

9. I believe that S.B. 10's ubiquitous and unavoidable displays of the Ten Commandments in classrooms will result in religious coercion of impressionable minds, including my children's. I am concerned about the effect the displays will have on my children, who represent a minority faith in their classrooms. As a rabbi, I am deeply invested in religious education, including the religious education of my children. I am honored that this education is entrusted to me through our synagogue's educational programming, and I believe that public schools should have no role in this type of education.

10. By imposing on D.F., E.F., and F.F. a Christian-centric version of the Ten Commandments for nearly every hour of the school day, the displays mandated by S.B. 10 will substantially interfere with their religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in them as part of our Jewish faith. The displays will send the message that this Christian version of the Ten Commandments is authoritative, that all classrooms and school facilities more generally are Christian spaces, and that D.F., E.F., and F.F., as Jewish students who do not adhere to this version of scripture, are unwelcome in the school community. As a result, the displays mandated by S.B. 10 will pressure D.F., E.F., and F.F. to observe, meditate on, venerate, and adopt the state's preferred religious doctrine and are likely to make my children uncomfortable with expressing their Jewish beliefs and identities at school.

11. The responsibility to guide D.F., E.F., and F.F. in the development of their Jewish faith is an essential aspect of my religious exercise and role as a parent. Forcibly imposing on them a Christian version of the Ten Commandments for nearly every hour of the school day, in accordance with S.B. 10, will directly interfere with my ability to carry out this parental responsibility and substantially burden my religious exercise, for the reasons discussed above.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

*[signature]*
Rabbi Joshua Fixler