UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

**DECLARATION OF REVEREND CYNTHIA MOOD IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Reverend Cindy Mood, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my minor children, C.M. and L.M.[1] Our family lives in Houston, Texas.

2. C.M. and L.M. are enrolled in and will attend a public elementary school in the Houston Independent School District during the 2025-2026 school year. The first day of school this upcoming academic year is scheduled for August 12, 2025.

3. I am an ordained pastor and serve at a Presbyterian Church (U.S.A.) in Katy, Texas. With my husband, I am raising C.M. and L.M. in the Christian faith. As a matter of faith, it is important to me that C.M. and L.M. be exposed to multiple denominations/ faith traditions and understand that there is not one dominant religion or belief system. As such, C.M. and L.M. attend

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

worship services, Bible study, and other religious programming at multiple churches of various denominations on a weekly basis. This summer, L.M. attended a United Methodist Church summer camp.

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at C.M.'s and L.M.'s school. The posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, C.M. and L.M. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and on behalf of my children, I object to the school displays mandated by S.B. 10 because the displays will promote, and will forcibly subject my children to, overtly religious classroom displays in a manner that violates my family's religious beliefs and practices; usurp my parental role in directing my children's religious education, religious values, and religious upbringing; send an improper message to me, my children, and our community that people of some religious denominations or faith systems are superior to others; and confuse my children about their own faith.

6. My faith tradition teaches that religious scripture like the Ten Commandments must be navigated within the context of our faith community to ensure that my children's understanding of the Commandments aligns with our Christian teachings and values. Posting the Ten Commandments in school, without any context, will conflict with this tenet. For example, the text in the state's approved version of the Ten Commandments is antiquated and repeatedly uses "thou

2

shalt not," focusing on what *not* to do. When I teach religious scripture to children, I focus on an individual's strength—what one *can* do, not what they *cannot* do. Focusing on positive actions, rather than what a child cannot do, encourages expression of feelings and connection with community, both of which are important values rooted in my Presbyterian faith that I am trying to instill in my children. I believe that it is my responsibility, along with our faith community, to teach C.M. and L.M. about religious scripture and its context, not my children's public school.

7. Further, the version of the Ten Commandments required by S.B. 10 does not align with the Christian values that I am teaching my children. My faith values equality, inclusivity, and respect for all humans whereas the school displays will use terms such as "manservant" and "maidservant" and will effectively treat some people as property. The school displays also will include topics that I do not wish to be explained to my children by someone other than myself or my family. For example, the displays required under S.B. 10 reference adultery and coveting the wife of your neighbor. I do not want my young children's elementary school teachers to explain these topics to them. These topics will be, at most, appropriate to discuss at home and within our faith community.

8. The antiquated language in the school displays will also be confusing to my very young children who are learning to read. They are young and impressionable, and understand that the content posted on classroom walls is authoritative. They may believe the school displays are the "true version" of the Ten Commandments and, as a consequence of having the displays imposed on them nearly every hour of the school day, C.M. and L.M. may believe that Christianity is dominant and authoritative. Elevating one religion over other belief systems or non-belief is contrary to the Presbyterian values that I'm instilling in C.M. and L.M. and undermine what I am

3

teaching my children about respecting other people's religion or non-belief, and their lived experiences.

9. In addition, because the displays will convey that the version of scripture posted in classrooms is the authoritative or "correct" version of the Ten Commandments, my children will be pressured throughout their public education to believe in this version if they want to be "good" students and liked by their teachers.

10. Thus, for all the reasons discussed above, the school displays mandated by S.B. 10 will substantially interfere with C.M.'s and L.M.'s religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in them as part of our faith.

11. The responsibility to guide C.M. and L.M. in the development of their Christian faith is an essential aspect of my religious exercise and role as a parent and pastor. However, forcibly imposing on them an antiquated version of the Ten Commandments in school—where religious scripture does not belong—for nearly every hour of the school day, as required by S.B. 10, will directly interfere with my role as a parent and substantially burden that religious exercise.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

_____
Reverend Cynthia Mood