UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RABBI MARA NATHAN, on behalf of herself and on behalf of her minor child, M.N., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 5:25-cv-00756 |

**DECLARATION OF CHERYL REBECCA SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Cheryl Rebecca Smith, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Plaintiff in the above-captioned matter. I am suing on behalf of myself and on behalf of my minor child, L.P.J.[1] Our family lives in Houston, Texas.

2. L.P.J. is enrolled in and will attend a public elementary school in the Houston Independent School District during the 2025-2026 school year. The first day of school this upcoming academic school year is scheduled for August 12, 2025.

3. I am Christian, a member of a Unitarian Universalist church in Houston, and serve on a committee at my church. I am raising L.P.J. primarily in the Christian faith. L.P.J. participates in services at the Unitarian Universalist church and attends Presbyterian summer camp.

4. I understand that Senate Bill No. 10 ("S.B. 10") requires displays of the Ten Commandments to be hung in a "conspicuous place" in every classroom at L.P.J.'s school. The

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(3), all minor Plaintiffs are identified by their initials.

1

posters or framed copies of the Ten Commandments must be a minimum size of sixteen by twenty inches and printed in a size and typeface that is legible to a person with average vision from anywhere in the classroom. The poster or framed copy must include only the text of the Ten Commandments as set forth in S.B. 10. As a result of these minimum requirements, L.P.J. will not be able to avoid the displays and will be subjected to them for nearly every hour of the school day.

5. On behalf of myself and on behalf of L.P.J., I object to the school displays mandated by S.B. 10 because the displays will promote and forcibly impose on L.P.J. a version of the Ten Commandments that we do not follow. Although I am Christian and am raising L.P.J. primarily in the Christian faith, I do not believe in or teach L.P.J. the specific language of the state-mandated Ten Commandments in S.B. 10, which we find objectionable. For example, I find the reference to "manservants" and "maidservants" morally troubling and contrary to my faith and the faith values I teach L.P.J. about principles of equality and humanity.

6. By imposing on L.P.J. the Ten Commandments for nearly every hour of the school day, the displays mandated by S.B. 10 will substantially interfere with L.P.J.'s religious development and threaten to undermine the religious beliefs, values, and practices I seek to instill in L.P.J. Specifically, the displays will send the message to L.P.J. and L.P.J.'s peers that this version is authoritative and will present belief in this version of the Ten Commandments as a widely accepted fact. As a result, the displays mandated by S.B. 10 will pressure L.P.J. to observe, meditate on, venerate, and adopt the state's preferred religious doctrine, even though our family does not believe in this version of the Ten Commandments and Unitarian Universalist faith tenets do not designate any particular religious dogma as authoritative.

7. Further, the Ten Commandments displays mandated by S.B. 10 include topics that I do not wish to be explained to L.P.J. by L.P.J.'s teachers, should L.P.J. or other students ask about

them. Instead of bringing clarity to L.P.J. about issues of morality, it will only confuse L.P.J. For example, the displays required under S.B. 10 reference adultery and coveting the wife of your neighbor. I do not want my child's elementary school teachers explaining these topics, which are inappropriate for children of this age and, if introduced in the context of religious doctrine, should be broached by me, my husband, and our faith community, within the broader context of our religious beliefs and values.

8. The displays mandated by S.B. 10 will also improperly send the message to me, L.P.J., and our community that people of some religious denominations or faith systems are superior to others and that there is an official religious hierarchy featuring the state's officially favored "in" group and the state's officially disfavored "out" group. L.P.J. will take this as a negative judgment on kids who do not follow Christianity. This will harm L.P.J.'s experience in school and will make for a strained and potentially hostile learning environment for L.P.J. L.P.J. will notice that classmates who are not Christian or do not follow the particular version of the Ten Commandments displayed in classrooms are viewed as less worthy or even ostracized, which may cause L.P.J. to suppress or question L.P.J.'s own Christian faith because this harm would be done in the name Christianity. The displays could also make it more likely that L.P.J. will be questioned and made to feel uncomfortable about the religious beliefs I have instilled in L.P.J. because they depart from those sanctioned in the displays.

9. Moreover, by sending the message to L.P.J. that some Christian faiths are superior, the displays will contradict our family's Unitarian Universalist religious values, which oppose elevating one religious belief over another's belief or non-belief system. Our faith tradition teaches that we must be respectful of other people's religions or lack thereof and that religious beliefs and

practices should not be imposed on non-adherents. Forcing Christian beliefs and doctrine on public-school students violates this tenet.

10. The responsibility to guide L.P.J. in the development of L.P.J.'s faith is an essential aspect of my religious exercise and role as a parent. Forcibly imposing on L.P.J. a version of the Ten Commandments for nearly every hour of the school day, in accordance with S.B. 10, will directly interfere with my ability to carry out this parental responsibility and substantially burden my religious exercise, for the reasons discussed above.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on July 2, 2025.

*Cheryl Rebecca Smith*
Cheryl Rebecca Smith